■ In the Matter of LOUIS ROLON, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [688 NYS2d 330] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination finding him guilty of violating former inmate rule 113.12 (7 NYCRR former 270.2 [b] [14] [iii] [prohibiting possession of narcotics]) and inmate rule 114.10 (7 NYCRR 270.2 [15] [i] [prohibiting smuggling and attempts to smuggle]). Petitioner's sole contention is that the determination is not supported by substantial evidence because the facts established at the hearing did not make out a violation of former inmate rule 113.12 and because the reliability of confidential information relied upon by the Hearing Officer was not established.

There is no merit to the contention that petitioner may not be found guilty of an attempt to violate former inmate rule 113.12. 7 NYCRR 270.3 (b) provides that an inmate may be cited for an attempt "whether or not the text of an actual rule contains such term[ ]." The regulation further provides that an attempt to violate institutional rules will be punishable to the same degree as a violation. Petitioner's attempt to possess narcotics was explicitly charged in the misbehavior report, and there is substantial evidence to support the determination that petitioner attempted to possess narcotics (see, Matter of Melendez v Goord, 242 AD2d 881).

Petitioner's attack on the reliability of the confidential information relied upon by the Hearing Officer is unwarranted. The determination of guilt " 'is supported by the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " (People ex rel. Vega v Smith, 66 NY2d 130, 139; see, Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.